IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01866-BNB

DAVID LEE WOMACK,

    Plaintiff,

v.

DAVID BERKEBILE, ADX Florence Warden,
PATRICIA RANGEL, ADX Florence Unit Manager,
DARREN FOSTER, ADX Florence Counselor,
TENA SUDLOW, ADX Case Manager,
BLAKE DAVIS, BOP Assistant Director,
E. ALEXANDER, ADX Hearing Administrator,
ARKO, ADX Correctional Officer,
SEAN SNIDER, ADX Captain,
SHON KUTA, ADX Associate Warden,
ANTHONY OSAGIE, ADX Physician Assistant,
RONALD CAMACHO, ADX Physician Assistant,
LISA GREGORY, NCRO Health Svc. Administrator,
CHARLES SAMUELS JR., BOP Director,
JOHN DOE, ADX Staff Member,
FBOP [FEDERAL BUREAU OF PRISONS], a federal agency,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW
CASE TO A DISTRICT JUDGE AND MAGISTRATE JUDGE

---

    Plaintiff, David Lee Womack, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary, Administrative Maximum (ADX), in Florence, Colorado. He submitted *pro se* a Prisoner Complaint (ECF No. 1) pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

    On July 16, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Womack to file

an amended Prisoner Complaint because he was suing an improper party, the complaint failed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and he failed to allege the personal participation of each named defendant.  On August 19, 2013, Mr. Womack filed an amended *Bivens* Complaint for money damages and injunctive relief.  He also asserts jurisdiction pursuant to the Americans With Disabilities Act (ADA), 42 U.S.C. § 12131, and section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a).

Mr. Womack has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to dismiss sua sponte an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Womack is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(g).  Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute.  *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe liberally the amended Prisoner Complaint because Mr. Womack is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the

Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended Prisoner Complaint will be dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

### Claim One

As part of his first claim, Mr. Womack alleges that on January 28, 2013, while in the custody of Warden David Berkebile, he was diagnosed with H Pylori and suffered a stomach tumor allegedly due to the lack of treatment for H Pylori. He complains that the medication he was prescribed for treatment "was to no avail." ECF No. 12 at 2. On the basis of these allegations, he contends his Eighth Amendment rights were violated. Mr. Womack fails to allege facts indicating that Warden Berkebile personally participated in any Eighth Amendment violations. Warden Berkebile clearly is being sued in his supervisory capacity as prison warden.

In the July 16 order for an amended complaint, Magistrate Judge Boland emphasized that personal participation is an essential allegation in a civil rights action, *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976), and that Mr. Womack must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Further, Mr. Womack must show that there is an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisory official may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Therefore, the portion of claim one asserting an Eighth Amendment violation against Warden Berkebile will be

dismissed as legally frivolous.

Also as part of his first claim, Mr. Womack alleges that his Eighth Amendment rights against cruel and unusual punishment, Fifth Amendment due process rights, and rights under the ADA and Rehabilitation Act were violated by Defendant E. Alexander, an ADX hearing administrator, and the BOP. In support of his claim, he asserts that he is illiterate and unable to read or write. He complains that on September 21, 2012, Mr. Alexander held a hearing at which Plaintiff spoke. He maintains that, following the hearing, Mr. Alexander prepared a report showing that mental-health and illiteracy information, although available, was not utilized. Mr. Womack complains that the BOP and Mr. Alexander refused to record the hearing or provide disability accommodations.

Mr. Womack's Eighth Amendment claim against Mr. Alexander is without merit. The core areas entitled to protection by the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992). The Eighth Amendment is violated if prison officials act with deliberate indifference to an inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825 (1994). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. Mere negligence does not violate the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Berry v. City of Muskogee*, 900 F.2d 1489, 1495 (10th Cir. 1990) (deliberate indifference requires a higher degree of fault than negligence or even gross negligence). Mr. Womack fails to allege facts that support an Eighth Amendment claim of cruel and unusual punishment against Mr. Alexander. The

Eighth Amendment claim will be dismissed as legally frivolous.

As Mr. Womack was informed in the order for an amended complaint, he may not sue the BOP in a *Bivens* action. The United States, as sovereign, is immune from suit unless it expressly consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976); *Bivens*, 403 U.S. at 410; *Ascot Dinner Theatre, Ltd. v. Small Business Admin.*, 887 F.2d 1024, 1027 (10th Cir. 1989). Therefore, the claim against the BOP will be dismissed as legally frivolous.

The portion of claim one asserting ADA, Rehabilitation Act, and due process violations against Mr. Alexander will be drawn to a district judge and a magistrate judge.

### Claim Two

As his second claim, Mr. Womack also alleges a violation of his Eighth Amendment rights based on his contention that Defendant John Doe, an ADX staff member, infected Plaintiff with H Pylori by contaminating his food with fecal matter. He further alleges that, after he experienced stomach pangs, weight loss, loss of appetite, and nausea, Defendants Anthony Osagie and Ronald Camacho, ADX physician assistants, failed to provide adequate medical treatment or order appropriate diagnostic testing. He makes the vague allegation that ADX inmates routinely are denied treatment or tests by Warden Berkebile and Lisa Gregory, a health service administrator, as a result of poorly trained medical staff and budgetary and nonmedical concerns.

Mr. Womack's claims against the John Doe ADX staff member, who he alleges infected with H Pylori, and against physician assistants Messrs. Osagie and Camacho, who he alleges failed to provide him with medical care, will be drawn to a district judge

and magistrate judge.

Mr. Womack's generalized and vague allegations against Warden Berkebile and Ms. Gregory concerning the allegedly routine denial of treatment or tests for ADX inmates are conclusory and must be dismissed. Merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Moreover, Mr. Womack may not assert the rights of other inmates. His conditions-of-confinement claims must focus solely on how he has been injured. The United States Constitution requires that a party seeking to invoke the jurisdiction of the federal courts must demonstrate that he has suffered some actual or threatened injury, that the injury was caused by the defendants, and that a favorable judicial decision is likely to redress the injury. *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982); *Hackford v. Babbitt*, 14 F.3d 1457, 1464 (10th Cir. 1994). Because Mr. Womack, in his allegations concerning other prisoners, fails to demonstrate any actual or threatened injury as a result of the conditions of his confinement, he lacks standing to assert claims concerning those conditions. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1295-96 (10th Cir. 1980). Mr. Womack's claims asserted against Warden Berkebile and Ms. Gregory will be dismissed as legally frivolous.

Claim Three

As his third claim, Mr. Womack alleges that certain Defendants violated his First Amendment rights and retaliated against him.  In support of these allegations, he contends that beginning in October 2012 Defendants Darren Foster, Patricia Rangel, and Tena Sudlow started interfering with his legal activities by repeatedly withholding postage and administrative remedies to cause "submissions," apparently to courts, to be untimely.  ECF No. 12 at 7.  He argues that Ms. Rangel, Shon Kuta, Sean Snider, and Warden Berkebile failed to address what he contends was a campaign of harassment by unspecified correctional officers who repeatedly stole Plaintiff's property, violated BOP policy, wrote fake or improper incident reports, and tampered with mail, meals, medical care, educational programming despite dozens of complaints by Plaintiff, which actually caused the harassment to intensify over a nine-month period.

He further alleges that Mr. Foster violated BOP policy in a disciplinary hearing by refusing to read disciplinary charges to Plaintiff, who Mr. Foster knew was illiterate.  He contends Ms. Rangel violated his rights by failing to appoint Jeremy Pinson, a co-inmate, to assist him in filing a lawsuit and instead appointed an inmate without legal knowledge.  He complains that Mr. Arko violated his rights by spitting on his meal before serving it.

Mr. Womack's claims that Mr. Foster refused to read disciplinary charges to him during a disciplinary hearing even though he is illiterate and that Mr. Arko spit on his meal before serving it will be drawn to a district judge and a magistrate judge.  The remaining claims of First Amendment violations and retaliation will be dismissed for the reasons stated below.

Prison officials may not retaliate against a prisoner because he exercises his constitutional rights. *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir.1990) (addressing claim for retaliation in a First Amendment context). To state a retaliation claim, Mr. Womack "must plead facts indicating that he can plausibly prove three elements at trial: (1) he engaged in constitutionally protected activity; (2) the defendants' actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) the defendants' actions were substantially motivated by the plaintiff's protected activity." *Magluta v. U.S. Fed. Bureau of Prisons*, No. 08-cv-00404, 2009 WL 1504749, at *3 (D. Colo. May 27, 2009) (unpublished) (addressing claim for retaliation in a First Amendment context) (citing *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir.2007)). "A plaintiff must allege facts to show that retaliation was the animus behind the defendants' actions, i.e., a plaintiff must show that 'but for' a desire to retaliate, the defendants would not have acted as they did." *Magluta*, No. 08-cv-00404, 2009 WL 1504749, at *3 (citations omitted). "An inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of [his] constitutional rights." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir.1998) (internal quotation marks and citation omitted).

Mr. Womack does not allege any specific facts that implicate any of the remaining Defendants in any retaliatory actions. He fails to "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Womack's claims against Ms. Rangel for failing to appoint the jailhouse lawyer he wanted to assist him in filing a lawsuit is without merit. Prisoners do not have a protected legal interest in acting as a jailhouse lawyer for other prisoners. *See Smith v. Maschner*, 899 F.2d 940, 950 (10th Cir. 1990). In addition, a prisoner must demonstrate actual injury from interference with his access to the courts – that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 351-55 (1996). Mr. Womack's access-to-the-courts allegations against Ms. Rangel fail this test because Plaintiff was not impeded in his ability to file his amended Prisoner Complaint and pursue his claims in this action. In addition, Mr. Womack's remaining claim three claims are based on vague and conclusory allegations of interference with his access to the courts.

By the same token, Mr. Womack's claims against Ms. Rangel, Ms. Kuta, Mr. Snider, and Warden Berkebile for allegedly failing to address a campaign of harassment by unspecified correctional officers also are vague and conclusory. Mr. Womack fails to allege specific facts demonstrating any violation of his constitutional rights. Although this portion of three must be construed liberally, the Court will not construct legal arguments for a *pro se* litigant. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The claims of interference with Plaintiff's legal activities or failure to address a campaign of harassment by unspecified correctional officers asserted against the following Defendants will be dismissed as legally frivolous: Ms. Rangel, Ms. Sudlow, Mr. Kuta, Mr. Snider, and Warden Berkebile. As previously stated, Mr. Womack's

claims against Mr. Foster for refusing to read disciplinary charges to him, despite knowing he is illiterate, and against Mr. Arko for allegedly spitting on his meal before serving it will be drawn to a district judge and a magistrate judge.

Finally, Mr. Womack fails to make any allegations against Blake Davis, a BOP Assistant Director, or Charles Samuels, Jr., the BOP director. Therefore, he has failed to establish their personal participation in any of his asserted claims. *See Bennett*, 545 F.2d at 1262-63. Any claims Mr. Womack intended to assert against Mr. Davis and Mr. Samuels will be dismissed as legally frivolous, and these Defendants will be dismissed as parties to this action.

Accordingly, it is

ORDERED that the amended Prisoner Complaint (ECF No. 12) that Plaintiff, David Lee Womack, filed on August 19, 2013, is dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous. It is

FURTHER ORDERED that the claim one claim of Eighth Amendment violations asserted against Warden Berkebile, the Federal Bureau of Prisons (BOP), and E. Alexander are dismissed pursuant to § 1915(e)(2)(B) as legally frivolous. It is

FURTHER ORDERED that the claim one claim of violations of the Americans With Disabilities Act, section 504 of the Rehabilitation Act, and Fifth Amendment Due Process Clause asserted against E. Alexander are drawn to a district judge and a magistrate judge. It is

FURTHER ORDERED that the claim two Eighth Amendment claims against Warden Berkebile and Lisa Gregory are dismissed pursuant to § 1915(e)(2)(B) as legally frivolous. It is

FURTHER ORDERED that the claim two Eighth Amendment claims against the John Doe ADX staff member, Anthony Osagie, and Ronald Camacho are drawn to a district judge and magistrate judge.  It is

FURTHER ORDERED that the claim three claims of interference with Plaintiff's legal activities asserted or failure to address a campaign of harassment by unspecified correctional officers asserted against the following Defendants are dismissed pursuant to § 1915(e)(2)(B) as legally frivolous:  the Federal Bureau of Prisons (BOP), Darren Foster, Patricia Rangel, Tena Sudlow, Shon Kuta, Sean Snider, and Warden Berkebile. It is

FURTHER ORDERED that the claim three claim that Ms. Rangel violated Plaintiff's rights by failing to appoint a co-inmate with legal knowledge to assist him in filing a lawsuit is dismissed pursuant to § 1915(e)(2)(b) as legally frivolous.  It is

FURTHER ORDERED that the claim three claims against Mr. Foster for refusing to read disciplinary charges to Plaintiff despite knowing he is illiterate and against Mr. Arko for allegedly spitting on Plaintiff's meal before serving it are drawn to a district judge and a magistrate judge.   It is

FURTHER ORDERED that any claims Plaintiff intended to assert against Blake Davis, a BOP Assistant Director, and Charles Samuels, Jr., the BOP director, are dismissed pursuant to § 1915(e)(2)(B) as legally frivolous.  It is

FURTHER ORDERED that Mr. Berkebile, Ms. Rangel, Ms. Sudlow, Mr. Davis, Mr. Snider, Mr. Kuta, Ms. Gregory, Mr. Samuels, and the Federal Bureau of Prisons (BOP) are dismissed as parties to this action.  The only remaining Defendants are Mr. Alexander, the John Doe ADX staff member, Mr. Osagie, Mr. Camacho, Mr. Foster, and

Mr. Arko. It is

FURTHER ORDERED that the clerk of the Court is directed to strike the letter (ECF No. 15) submitted to the Court on September 26, 2013, by Michael Orr, who is not a party to this lawsuit.

DATED November 6, 2013, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court